IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| HUNTER S. ALLEN, JR. AND JEFF BRAINTWAIN, <br><br> Movants, <br><br> V. <br><br> CHARLES ADAMS AND PERSONAL INTEGRATIVE MEDICINE, LLC, <br><br> Respondents. | Case No. _____ <br><br> [Charles Adams et al., Claimants, v. Applied Medico-Legal Solutions Risk Retention Group, Inc., Respondent, *arbitration pending before the American Health Lawyers Association Dispute Resolution Service*, Claim No. 10027] |

### NON-PARTY MOVANTS HUNTER S. ALLEN, JR. AND JEFF BRAINTWAIN'S MOTION TO QUASH SUBPOENAS AND MEMORANDUM IN SUPPORT

COME NOW Hunter S. Allen, Jr. and Jeff Braintwain (hereinafter "Movants"), through their undersigned counsel, and pursuant to Fed. R. Civ. P. 45, move to quash the subpoenas served on them, showing as follows:

### INTRODUCTION

Movants received subpoenas for discovery in an arbitration pending in this district. Movants are not parties. It is undisputed that the arbitration is governed by the Federal Arbitration Act ("FAA"). Under the FAA and Eleventh Circuit case law, the arbitrators lack authority to issue subpoenas for discovery. The Court, therefore, should quash the subpoenas.

1

## BACKGROUND

Claimants, Charles Adams and Personal Integrative Medicine, LLC, and Respondent, Applied Medico-Legal Solutions Risk Retention Group, Inc., are currently engaged in arbitration pending in this District.[1] On January 6, 2026, Movants, who are not parties to the arbitration or arbitration agreement, were personally served with subpoenas (the "Subpoenas") to appear for discovery depositions and to bring with them documents regarding the case. (Copies of the Subpoenas are attached hereto as Exhibits A and B.) The Subpoenas do not call for attendance or testimony at an arbitral hearing or to appear before the arbitrators.

The Subpoenas state that they are authorized under the Georgia Arbitration Code ("GAC"), O.C.G.A. § 9-9-9. However, it is undisputed that the arbitration is governed by the FAA, *not* the GAC. The insurance policy under which the panel is arbitrating the case specifically says "the parties acknowledge that this policy evidences a transaction involving interstate commerce. Any arbitration conducted pursuant to the terms of this policy shall be governed by the Federal Arbitration Act, 9 U.S.C. § 1-16, et seq." (See Exhibit C hereto, highlighted part at page 13 of 35 of the policy.)

The Court has jurisdiction over this Motion as the dispute that underlies the

---

[1] The arbitration is styled as Charles Adams and Personal Integrative Medicine, LLC, Claimants, v. Applied Medico-Legal Solutions Risk Retention Group, Inc., Respondent, *American Health Lawyers Association Dispute Resolution Service*, Claim No. 10027.

arbitration would come within the jurisdiction of the district court pursuant to 28 U.S.C. § 1332, in that Claimants and Respondent in the arbitration are diverse and the amount in controversy exceeds $75,000.

## ARGUMENT AND CITATION TO AUTHORITY

## I. THE FAA GOVERNS AND BARS PRE-HEARING DISCOVERY FROM NON-PARTIES.

The FAA and case law interpreting it specifically disallow pre-hearing discovery subpoenas and, therefore, the Subpoenas should be quashed.

The FAA governs the scope of arbitral subpoena power. Section 7 of the FAA grants arbitrators authority to "summon in writing any person to *attend before them or any of them as a witness* and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case." 9 U.S.C. § 7 (emphasis added). Thus, while an arbitrator can compel testimony from a non-party, it must occur at an arbitration hearing. Where an arbitrator exceeds his authority by issuing a subpoena beyond Section 7, courts quash such subpoenas to enforce the FAA's limits and protect non-parties from extra-statutory discovery burdens. *See Delano v. Kern*, No. 2:23-cv-197-RWS-JCF, 2023 WL 12239352, at *2 (N.D. Ga. Oct. 10, 2023) (Section 7 does not authorize the arbitrator to issue a subpoena for a pre-arbitration non-party deposition); *Kennedy v. Am. Express Travel Related Servs. Co.*, 646 F. Supp. 2d 1342, 1344 (S.D. Fla. 2009) (based on the unambiguous, plain meaning of Section 7, an arbitrator is not authorized to issue

3

summonses for pre-hearing depositions and document discovery from non-parties.)

The Eleventh Circuit has made clear that Section 7 does not authorize arbitrators to compel pre-hearing discovery from non-parties. In *Managed Care Advisory Group, LLC ("Managed Care") v. Cigna Healthcare, Inc.*, 939 F.3d 1145, 1159-1160 (11th Cir. 2019), the court addressed the scope of arbitral subpoena power under Section 7 and squarely rejected the use of arbitrator-issued subpoenas to obtain pre-hearing discovery from non-parties. The court explained that Section 7 authorizes arbitrators to summon a person to attend before them as a witness and to bring documents to the hearing. *Id*. at 1159. The statute does not authorize pre-hearing document discovery or depositions from non-parties. *Id*. The Eleventh Circuit emphasized that the statutory text confines the subpoena power to attendance "before" the arbitrators and that courts may not expand Section 7 to permit broader discovery tools unavailable under the FAA's plain terms. *Id*. at 1160. Consistent with this textual reading, *Managed Care* held that arbitrators cannot compel non-party discovery outside the context of an arbitral hearing and that attempts to obtain documents in advance of a hearing exceed the authority granted by Congress. *Id*.

In *Delano v. Kern*, this Court applied the *Managed Care* holding in a situation that mirrors this case. In *Delano*, claimant brought an employment claim to arbitration against his former employer. 2023 WL 12239352, at *1. Claimant obtained a deposition subpoena for a witness who was involved in the employment decision. *Id*. The witness moved to quash and the court granted the motion, applying

4

the limitations established in *Managed Care*. *Id*. at *2. *Delano* reaffirmed the FAA's narrow grant of authority to arbitrators. *Id*. The order underscores that non-parties retain protection from extra-statutory discovery demands and that courts should enforce the FAA's limits by quashing subpoenas that do not conform to Section 7's hearing-centric framework.

Here, the subpoenas seek exactly what *Managed Care* and *Delano* prohibit: pre-hearing deposition and production of documents from a non-party. The subpoenas do not require Movants' attendance before the arbitrators at a hearing. Rather, they demand stand-alone discovery prior to any hearing. Under *Managed Care* and *Delano*, the arbitrators exceeded their authority here and the Subpoenas should be quashed.

## II.   THE ARBITRATOR'S RELIANCE ON THE GAC FAILS

Before bringing the Motion to Quash in this Court, Movants presented these arguments to the arbitrators and requested that they quash the Subpoenas. Not surprisingly, the arbitrators did not care for Movant's challenge to their authority.[2] Instead of following the controlling provision of the FAA and cases interpreting it, they upheld their subpoenas arguing that the FAA did not preempt the application of the state arbitration statutory provisions which do not purport to limit discovery, but

---

[2] The motion to quash to the arbitrators was unopposed, indicating an intent by Respondents not to pursue the issue further, yet the arbitrators still denied the request.

5

rather the GAC simply supplements the FAA. The arbitrators contend that the GAC expands subpoena power to authorize non-party depositions. However, the arbitrators cited no binding authority in Georgia or the Eleventh Circuit for their position, but only to a twenty-year-old law journal article and an unpublished, fifteen-year-old case from the Iowa Court of Appeals.

Again, it is undisputed that the FAA controls this arbitration and the case law in this jurisdiction is clear that pre-hearing discovery subpoenas are not permitted under the Act. It would make no sense then that the arbitrators could simply ignore that clear directive and then compel depositions and discovery just because the arbitration is in Georgia and they issued a self-serving scheduling order saying that the procedures in the GAC could supplement the FAA. The arbitrators ignore *Managed Care*, which this court should not. Nor should the Court condone the arbitrators attempt to expand their authority, which is clearly limited in this situation.

## CONCLUSION

The Subpoenas served on non-party Movants exceed the scope of the arbitrators' authority under Section 7 of the FAA. Therefore, the Court should grant this motion and rule that the Movants need not comply.

This 23rd day of January 2026.

Respectfully submitted,

*/s/ Lewis P. Perling*
Lewis P. Perling
Georgia Bar No. 572379
**CLARK HILL PLC**

6

3630 Peachtree Road N.E.,<br>
Suite 700<br>
Atlanta, GA 30326<br>
Phone: (470) 845-0207<br>
lperling@clarkhill.com<br>
*Attorney for Movants*

ClarkHill\103373\1010215\285949658.v2-1/23/26

## **CERTIFICATE OF SERVICE and COMPLIANCE WITH LOCAL RULE 7.1**

Pursuant to LR 7.1(D), I hereby certify that this document was prepared using 14-point Times New Roman type, as authorized by the court in LR 5.1(C).

I also certify that on January 23, 2026, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system and have sent a copy to the attorneys for Claimants, Respondents, and the arbitration panel via e-mail as follows:

James Hugh Potts II
JHPII, LLC
james@jhpii.com

Nolan C. Burkhouse
Andrew J. Rome
nburkhouse@pfclaw.com
arome@pfclaw.com

Glenn P. Hendrix
Panel Chair
Glenn@HendrixADR.com
cbrice@americanhealthlaw.org

This 23rd day of January 2026.

        Respectfully submitted,

        */s/ Lewis P. Perling*
        Lewis P. Perling
        Georgia Bar No. 572379